## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

RACHELLE RAND, ESPERANZA
GOTTSCHAU, RAMON SOTO,
GEORGIANNA LASH, and AARON
MEES on Behalf of Themselves and All
Others Similarly Situated,

               Plaintiffs–Appellants,

v.

EYEMART EXPRESS, LLC,

               Defendant–Appellee.

**Case No.: 25-10784**

### PLAINTIFFS–APPELLANTS' STATEMENT OF ISSUES

Pursuant to Federal Rule of Appellate Procedure 10(b)(3)(A), Plaintiffs–Appellants respectfully submit the following Statement of Issues for Appeal:

1. Whether the District Court committed reversible error by concluding that Plaintiffs failed to plausibly allege that private health information ("PHI") was shared with Meta. *See* Memorandum Opinion & Order, at 6–9 [Dkt. 38].

2. Whether the District Court committed reversible error by dismissing Plaintiffs' claim under the Federal Electronic Communications Privacy Act (ECPA), 18 U.S.C. § 2511. *See id.,* at 10.

3. Whether the District Court committed reversible error that Eyemart consented to the transmission of Plaintiffs-Appellants' information. *See id.*

4. Whether the District Court committed reversible error by concluding that Eyemart was as a party to the communication who consented to the transmission, and that the "crime-tort" exception therefore did not apply. *See id.*

5.      Whether the District Court committed reversible error by dismissing Plaintiff Rand's Missouri Wiretap Act claim. *See id.*, at 10–11.

6.      Whether the District Court  committed reversible error Plaintiff Soto's Illinois Eavesdropping Statute claim. *See id.*

7.      Whether the District Court committed reversible error by dismissing Plaintiffs' breach of contract and breach of implied contract claims. *See id.*, at 11.

8.      Whether the District Court committed reversible error by dismissing the intrusion upon seclusion claim. *See id.*

9.      Whether the District Court committed reversible error in finding that the allegation regarding the sharing of PHI with Meta did not constitute a highly offensive invasion of privacy. *See id.*

10.      Whether the District Court committed reversible error by dismissing all claims with prejudice, despite Plaintiffs having plausibly alleged violations and requesting leave to amend to further (*e.g.*, to refine the scope and technical operation of the Pixel tracking). See *id*. at 12.

11.      Whether the District Court committed reversible error by finding that that user intent or general browsing behavior could never constitute disclosure of PHI under the Health Insurance Portability and Accountability Act ("HIPAA").

Dated: July 9, 2025

**FOSTER YARBOROUGH PLLC**

By: */s/ Patrick Yarborough*
Patrick Yarborough
Jeffrey Lucas Ott
917 Franklin Street, Suite 220
Houston, TX 77002
Telephone: (713) 331-5254
Facsimile: (713) 513-5202
Email: patrick@fosteryarborough.com
Email: luke@fosteryarborough.com

Mark S. Reich*
Michael N. Pollack*
Gary S. Ishimoto (*pro hac vice*)
**LEVI & KORSINSKY, LLP**
33 Whitehall Street, 17th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: mreich@zlk.com
Email: cmaccarone@zlk.com
Email: gishimoto@zlk.com

*Counsel for Plaintiff*

*\*pro hac vice* forthcoming