No. 25-10784

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

RACHELLE RAND, ESPERANZA GOTTSCHAU, RAMON SOTO,
GEORGIANNA LASH, and AARON MEES on Behalf of Themselves and All
Others Similarly Situated
*Plaintiffs–Appellants*,

v.

EYEMART EXPRESS, LLC,
*Defendant–Appellee.*

On Appeal from the United States District Court
for the Northern District of Texas
No. 3:24-cv-00621-N
Hon. David C. Godbey

_____

**APPELLANTS' RECORD EXCERPTS**

_____

Patrick Yarborough
Jeffrey Lucas Ott
**FOSTER YARBOROUGH PLLC**
440 Louisiana, Suite 1800
Houston, Texas 77002
Telephone: (713) 331-5254
Facsimile: (713) 513-5202
Email: patrick@fosteryarborough.com
Email: luke@fosteryarborough.com

*Attorneys for Plaintiffs–Appellants*

# **TABLE OF CONTENTS**

**Title**                                                                                       **Tab #**

Docket Sheet…………………………………………………………………..1

Memorandum Opinion & Order……………………………………………………2

Final Judgment…………………………………………………………………..3

Notice of Appeal………………………………………………………....4

Certificate of Service…………………………………………………….5

# Tab 1

# U.S. District Court
## Northern District of Texas (Dallas)
## CIVIL DOCKET FOR CASE #: 3:24-cv-00621-N

Rand et al v. Eyemart Express LLC
Assigned to: Judge David C Godbey
Case in other court: USCA5, 25-10784
Cause: 28:1331 Fed. Question

Date Filed: 03/13/2024
Date Terminated: 05/27/2025
Jury Demand: Plaintiff
Nature of Suit: 370 Torts/Pers Prop: Other Fraud
Jurisdiction: Federal Question

**Plaintiff**

**Rachelle Rand**

represented by **Patrick Yarborough**
Foster Yarborough PLLC
440 Louisiana Street
Suite 1800
Houston, TX 77002
713-331-5254
Fax: 713-513-5202
Email: patrick@fosteryarborough.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Damon Edwin Mathias**
Mathias Raphael PLLC
13601 Preston Road, Suite W217
Dallas, TX 75240
214-739-0100
Fax: 214-739-0151
Email: damon@mrlaw.co
*ATTORNEY TO BE NOTICED*

**Gary Suzutaro Ishimoto**
Levi & Korsinsky LLP
33 Whitehall Street
27th Floor
New York, NY 10004
212-363-7500
Fax: 212-363-7171
Email: gishimoto@zlk.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey Lucas Ott**
Foster Yarborough PLLC
917 Franklin Street
Ste 220
Houston, TX 77002
713-942-9898
Email: luke@fosteryarborough.com
*ATTORNEY TO BE NOTICED*

**Ori Raphael**
Mathias Raphael PLLC
13101 Preston Road, Suite 501
Dallas, TX 75240
214-739-0100
Email: ori@mr.law
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Esperanza Gottschau**

represented by **Patrick Yarborough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Damon Edwin Mathias**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gary Suzutaro Ishimoto**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey Lucas Ott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ori Raphael**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>
Ramon Soto                                              represented by   **Patrick Yarborough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Damon Edwin Mathias**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gary Suzutaro Ishimoto**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey Lucas Ott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ori Raphael**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>
Georgianna Lash                                         represented by   **Patrick Yarborough**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>
Aaron Mees                                              represented by   **Patrick Yarborough**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

<u>Defendant</u>
Eyemart Express LLC                                     represented by   **Andrew F Newman**
Polsinelli PC
4020 Maple Ave
Suite 300
Dallas, TX 75219
214-661-5506
Fax: 214-481-4797
Email: afnewman@polsinelli.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John C Cleary**
John C Cleary
Post Office Box 944
New York, NY 10116
412-956-6429
Email: johnccleary@protonmail.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jonathan E Schmalfeld**

Polsinelli PC
100 S Fourth Street
Suite 1000
St. Louis, MO 63102
314-622-6621
Email: jschmalfeld@polsinelli.com
*PRO HAC VICE*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/13/2024 | 1 | COMPLAINT WITH JURY DEMAND against Eyemart Express LLC filed by Esperanza Gottschau, Rachelle Rand, Ramon Soto. (Filing fee $405; Receipt number ATXNDC-14463292) Plaintiff will submit summons(es) for issuance. In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the Judges Copy Requirements and Judge Specific Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 Cover Sheet) (Yarborough, Patrick) (Entered: 03/13/2024) |
| 03/13/2024 | 2 | Request for Clerk to issue Summons filed by Esperanza Gottschau, Rachelle Rand, Ramon Soto. (Yarborough, Patrick) (Entered: 03/13/2024) |
| 03/13/2024 | 3 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Esperanza Gottschau, Rachelle Rand, Ramon Soto. (Clerk QC note: No affiliate entered in ECF). (Yarborough, Patrick) (Entered: 03/13/2024) |
| 03/13/2024 | 4 | New Case Notes: A filing fee has been paid. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge (Judge Horan). Clerk to provide copy to plaintiff if not received electronically. (kcr) (Entered: 03/14/2024) |
| 03/14/2024 | 5 | Summons Issued as to Eyemart Express LLC. (kcr) (Entered: 03/14/2024) |
| 03/18/2024 | 6 | Court Request for Recusal: Magistrate Judge David L. Horan recused pursuant to Special Order 3-249. Magistrate Judge Renee Harris Toliver assigned for matters that may be referred in this case. (cea) (Entered: 03/18/2024) |
| 03/18/2024 | 7 | SUMMONS Returned Executed as to Eyemart Express LLC ; served on 3/15/2024. (Yarborough, Patrick) (Entered: 03/18/2024) |
| 04/04/2024 | 8 | NOTICE of Attorney Appearance by Andrew F Newman on behalf of Eyemart Express LLC. (Filer confirms contact info in ECF is current.) (Newman, Andrew) (Entered: 04/04/2024) |
| 04/04/2024 | 9 | Motion for Extension of Time to File Answer filed by Eyemart Express LLC (Attachments: # 1 Proposed Order) (Newman, Andrew) (Entered: 04/04/2024) |
| 04/04/2024 | 10 | ELECTRONIC ORDER granting 9 Motion for Extension of Time to File Response. Defendants response to the complaint is due May 6, 2024. (Ordered by Chief District Judge David C Godbey on 4/4/2024) (chmb) (Entered: 04/04/2024) |
| 04/04/2024 | 11 | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14517551) filed by Esperanza Gottschau, Rachelle Rand, Ramon Soto (Attachments: # 1 Certificate of Good Standing, # 2 Proposed Order)Attorney Gary Suzutaro Ishimoto added to party Esperanza Gottschau(pty:pla), Attorney Gary Suzutaro Ishimoto added to party Rachelle Rand(pty:pla), Attorney Gary Suzutaro Ishimoto added to party Ramon Soto(pty:pla) (Ishimoto, Gary) (Entered: 04/04/2024) |
| 04/12/2024 | 12 | ELECTRONIC ORDER granting 11 Application for Admission Pro Hac Vice of Gary S. Ishimoto. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Chief District Judge David C Godbey on 4/12/2024) (chmb) (Entered: 04/12/2024) |
| 05/01/2024 | 13 | NOTICE of Attorney Appearance by Damon Edwin Mathias for Ori Raphael on behalf of Esperanza Gottschau, Rachelle Rand, Ramon Soto. (Mathias, Damon) (Entered: 05/01/2024) |
| 05/06/2024 | 14 | MOTION to Dismiss *per Rule 12(b)(1) and 12(b)(6)* filed by Eyemart Express LLC with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Newman, Andrew) (Entered: 05/06/2024) |
| 05/06/2024 | 15 | Brief/Memorandum in Support filed by Eyemart Express LLC re 14 MOTION to Dismiss *per Rule 12(b)(1) and 12(b)(6)* (Newman, Andrew) (Entered: 05/06/2024) |
| 05/06/2024 | 16 | Appendix in Support filed by Eyemart Express LLC re 15 Brief/Memorandum in Support of Motion (Attachments: # 1 Exhibit(s), # 2 Exhibit(s), # 3 Exhibit(s), # 4 Exhibit(s)) (Newman, Andrew) (Entered: 05/06/2024) |
| 05/07/2024 | 17 | ORDER REQUIRING STATUS AND SCHEDULING CONFERENCE: The parties are directed to confer within 14 days of the date of this Order regarding the following matters, and report to the Court within 14 days after the conference the parties' position. (Ordered by Chief District Judge David C Godbey on 5/7/2024) (ndt) (Entered: 05/07/2024) |
| 05/21/2024 | 18 | Agreed MOTION to Extend Time BRIEFING SCHEDULE ON DEFENDANTS 12(b)(1) AND 12(b)(6) MOTION TO DISMISS filed by Esperanza Gottschau, Rachelle Rand, Ramon Soto (Attachments: # 1 Proposed Order Proposed Order) (Yarborough, Patrick) (Entered: 05/21/2024) |
| 05/22/2024 | 19 | ELECTRONIC ORDER granting 18 Motion to Extend Time. Plaintiffs shall file their response to Defendants Rule 12(b)(1) and 12(b)(6) Motion to Dismiss by June 11, 2024; and, Defendant shall reply to the Plaintiffs response by July 2, 2024. (Ordered by |

| | | Chief District Judge David C Godbey on 5/22/2024) (chmb) (Entered: 05/22/2024) |
|---|---|---|
| 06/04/2024 | 20 | Joint STATUS REPORT filed by Esperanza Gottschau, Rachelle Rand, Ramon Soto. (Yarborough, Patrick) (Entered: 06/04/2024) |
| 06/06/2024 | 21 | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney John C. Cleary (Filing fee $100; Receipt number ATXNDC-14674609) filed by Eyemart Express LLC (Attachments: # 1 Proposed Order) (Newman, Andrew) (Entered: 06/06/2024) |
| 06/07/2024 | 22 | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Jonathan Schmalfeld (Filing fee $100; Receipt number ATXNDC-14678983) filed by Eyemart Express LLC (Attachments: # 1 Proposed Order) (Newman, Andrew) (Entered: 06/07/2024) |
| 06/10/2024 | 23 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Eyemart Express LLC. (Clerk QC note: No affiliate entered in ECF). (Newman, Andrew) (Entered: 06/10/2024) |
| 06/11/2024 | 24 | RESPONSE filed by Esperanza Gottschau, Rachelle Rand, Ramon Soto re: 14 MOTION to Dismiss *per Rule 12(b)(1) and 12(b)(6)* (Yarborough, Patrick) (Entered: 06/11/2024) |
| 06/14/2024 | 25 | ELECTRONIC ORDER granting 21 Application for Admission Pro Hac Vice of John C. Cleary. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Chief District Judge David C Godbey on 6/14/2024) (chmb) (Entered: 06/14/2024) |
| 06/14/2024 | 26 | ELECTRONIC ORDER granting 22 Application for Admission Pro Hac Vice of Jonathan E. Schmalfeld. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Chief District Judge David C Godbey on 6/14/2024) (chmb) (Entered: 06/14/2024) |
| 07/02/2024 | 27 | REPLY filed by Eyemart Express LLC re: 14 MOTION to Dismiss *per Rule 12(b)(1) and 12(b)(6)* (Attachments: # 1 Exhibit(s) Appendix A) (Newman, Andrew) (Entered: 07/02/2024) |
| 10/01/2024 | 28 | MEMORANDUM OPINION & ORDER: Because Plaintiffs have not alleged facts sufficient to state a claim for violation of the ECPA or the Missouri and Illinois wiretapping statutes, breach of contract, and intrusion upon seclusion, the Court grants Eyemart's 14 motion to dismiss. The Court denies the 14 motion to dismiss as to Eyemart's standing argument. The Court grants Plaintiffs leave to amend their complaint within thirty (30) days of the date of this order. (Ordered by Chief District Judge David C Godbey on 10/1/2024) (cfk) (Entered: 10/02/2024) |
| 10/31/2024 | 29 | AMENDED COMPLAINT WITH JURY DEMAND against All Plaintiffs filed by Ramon Soto, Esperanza Gottschau, Rachelle Rand. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Yarborough, Patrick) (Entered: 10/31/2024) |
| 11/11/2024 | 30 | Agreed MOTION to Extend Time To Respond to Amended Complaint filed by Eyemart Express LLC (Attachments: # 1 Proposed Order) (Newman, Andrew) (Entered: 11/11/2024) |
| 11/12/2024 | 31 | ELECTRONIC ORDER granting 30 Motion to Extend Time. Defendants response to the complaint is due January 6, 2025. (Ordered by Chief District Judge David C Godbey on 11/12/2024) (chmb) (Entered: 11/12/2024) |
| 01/06/2025 | 32 | MOTION to Dismiss *Plaintiff's First Amended Complaint* filed by Eyemart Express LLC (Attachments: # 1 Proposed Order) (Newman, Andrew) (Entered: 01/06/2025) |
| 01/06/2025 | 33 | Brief/Memorandum in Support filed by Eyemart Express LLC re 32 MOTION to Dismiss *Plaintiff's First Amended Complaint* (Newman, Andrew) (Entered: 01/06/2025) |
| 01/28/2025 | 34 | Unopposed MOTION to Extend Time Motion to Dismiss (Doc. 32) filed by Rachelle Rand, Esperanza Gottschau, Georgianna Lash, Aaron Mees, Ramon Soto (Attachments: # 1 Proposed Order) (Yarborough, Patrick) (Entered: 01/28/2025) |
| 01/28/2025 | 35 | ELECTRONIC ORDER granting 34 Motion to Extend Time. Plaintiffs shall have up to and including February 17, 2025, to file their Response to Defendants Motion to Dismiss, and Defendant shall have up to and including March 17, 2025, to file its Reply to Plaintiffs Response. (Ordered by Chief District Judge David C Godbey on 1/28/2025) (chmb) (Entered: 01/28/2025) |
| 02/17/2025 | 36 | RESPONSE filed by Esperanza Gottschau, Georgianna Lash, Aaron Mees, Rachelle Rand, Ramon Soto re: 32 MOTION to Dismiss *Plaintiff's First Amended Complaint* (Ishimoto, Gary) (Entered: 02/17/2025) |
| 03/17/2025 | 37 | REPLY filed by Eyemart Express LLC re: 32 MOTION to Dismiss *Plaintiff's First Amended Complaint* (Newman, Andrew) (Entered: 03/17/2025) |
| 05/27/2025 | 38 | MEMORANDUM OPINION AND ORDER: Because the Court finds plaintiffs have not alleged facts sufficient to state a claim for violation of the ECPA, the Missouri or Illinois wiretapping statutes, breach of contract, breach of implied contract, or intrusion upon seclusion, the Court grants Eyemart Express LLC's 32 Motion to Dismiss. Plaintiffs have already had an opportunity to replead, therefore the Court dismisses all claims with prejudice. (Ordered by Chief District Judge David C Godbey on 5/27/2025) (twd) (Entered: 05/28/2025) |
| 05/27/2025 | 39 | FINAL JUDGMENT: It is ordered that Plaintiffs take nothing by their claims against Defendant, and those claims are dismissed with prejudice. Court costs are taxed against Plaintiffs. All relief not expressly granted is denied. (Ordered by Chief District Judge David C Godbey on 5/27/2025) (twd) (Entered: 05/28/2025) |

| 06/26/2025 | [40] | NOTICE OF APPEAL as to [39] Judgment, [38] Memorandum Opinion and Order to the Fifth Circuit by Esperanza Gottschau, Georgianna Lash, Aaron Mees, Rachelle Rand, Ramon Soto. Filing fee $605, receipt number ATXNDC-15604607. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Yarborough, Patrick) (Entered: 06/26/2025) |

## PACER Service Center

### Transaction Receipt

| 11/21/2025 10:22:20 | | | |
|---|---|---|---|
| **PACER Login:** | Lskywalkerpy | **Client Code:** | EYE002 |
| **Description:** | Docket Report | **Search Criteria:** | 3:24-cv-00621-N Starting with document: 1 Ending with document: 40 |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |

# Tab 2

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RACHELLE RAND, *et al.*,                   §
                                           §
                                           §
        Plaintiffs,                        §
                                           §
v.                                         §            Civil Action No. 3:24-CV-621-N
                                           §
EYEMART EXPRESS, LLC,                      §
                                           §
        Defendant.                         §

**<u>MEMORANDUM OPINION AND ORDER</u>**

This Order addresses Defendant Eyemart Express, LLC's ("Eyemart") Motion to

Dismiss Plaintiffs' First Amended Complaint [32].  Because plaintiffs have failed to plead

facts sufficient to state a claim for violation of the Federal Electronic Communications

Privacy Act, the Missouri Wiretap Act, the Illinois Eavesdropping Statute, breach of

contract, breach of implied contract, or intrusion upon seclusion, the Court grants the

motion.

## I. Origins of the Motion

Plaintiffs are five Meta (f/k/a Facebook) users who accessed the Eyemart website

to search for prescription eyewear products and to search for eye doctors in their areas.

Pls.' Am. Compl. ¶¶ 26–30 [29].  Eyemart operates a retail website and a chain of physical

stores where customers may browse for eyewear, both prescription and non-prescription.

*Id.* ¶ 31.  Customers may purchase eyewear directly from the site or in store.  *Id.* ¶ 1.  For

an online purchase, when a customer selects eyewear to purchase, the customer is prompted

MEMORANDUM OPINION & ORDER – PAGE 1

to select the type of lens for the selected frames and, if the customer selects prescription lenses, he or she is then prompted to enter prescription information. *Id.* ¶¶ 29–30, 70–71.

The website also offers the ability to locate an eye doctor with whom the customer may schedule an appointment. *Id.* ¶¶ 1, 3. The website provides links to "online scheduling, phone numbers to call the locations, and addresses to visit the locations" of the eye doctors. *Id.* ¶ 3.

Eyemart's website utilizes Meta Pixel technology, which tracks predetermined user interaction "events" on a website, such as when a user clicks a designated button, adds an item to a digital cart, or searches for a location. *Id.* ¶¶ 106–08. The Pixel provides anonymized data to the website owner to learn how customers interact with the website. *Id.* ¶ 89. The Pixel also shares the data with Meta in exchange for use of the tool. *Id.* ¶¶ 88–89. Meta users who have previously agreed to the Meta Privacy and Cookie Policy have a user identification cookie stored on their device by Meta. *Id.* ¶ 103; Def.'s Mot. 14–15. This cookie is included in metadata when Pixel events are triggered, attaching a unique identifier to otherwise anonymized data. Pls.' Am. Compl. ¶¶ 103, 109, 123. This user identification cookie can then be used by anyone who understands the unique numeric identifier to de-anonymize information related to the user's interactions on the site. *Id.* ¶¶ 103–105.

Plaintiffs all visited the Eyemart website with the intent to look at prescription eyeglasses. *Id.* ¶¶ 26–30. Plaintiff Rand additionally had the intent to schedule an appointment for an eye exam. *Id.* ¶ 26. Plaintiffs Lash and Mees purchased prescription eyewear from the website. *Id.* ¶¶ 29–30. All five of the named plaintiffs had Facebook

MEMORANDUM OPINION & ORDER – PAGE 2

accounts and had previously consented to Meta storing a user identification cookie on their devices; therefore, all the metadata collected about their interactions on the website contained a cookie that made it capable of being de-anonymized. *Id.* ¶¶ 26–30, 104–05.

Plaintiffs brought this suit on behalf of themselves and all others similarly situated. Plaintiffs assert violations of the Federal Electronic Communications Privacy Act, the Missouri Wiretap Act, the Illinois Eavesdropping Statute, breach of contract, breach of implied contract, and intrusion upon seclusion.

The Court dismissed the first complaint for failure to state a claim. The plaintiffs amended the complaint, adding two new named plaintiffs. Eyemart now moves to dismiss Plaintiffs' Amended Class Action Complaint for failure to state a claim.

## II. RULE 12(B)(6) STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal

citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, a court may also consider documents outside of the pleadings if they fall within certain limited categories. First, "[a] court is permitted . . . to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Second, "[a] written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). Third, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). Finally, "[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (citation omitted); *see also, e.g., Funk*, 631 F.3d at 783 (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that "[t]he district court took appropriate judicial notice of publicly-available documents and transcripts produced by the [Food and Drug

MEMORANDUM OPINION & ORDER – PAGE 4

Administration], which were matters of public record directly relevant to the issue at hand").

### III.  THE COURT GRANTS THE MOTION

All the claims here are premised upon the allegation that Eyemart shared plaintiffs' private health information ("PHI") with Meta.  Therefore, the Court looks at the allegations of each plaintiff to determine whether he or she has sufficiently alleged (1) that the plaintiff shared any PHI with Eyemart, and (2) that Eyemart shared that PHI with Meta.  The Court first looks at Rand, Gottshau, and Soto to determine if their amended pleadings overcomes the previously found insufficiency, then the Court looks at the pleadings of the two new plaintiffs.

### A.  Plaintiffs Rand, Gottshau, and Soto

The Court previously granted Eyemart's first motion to dismiss, finding that Rand, Gottshau, and Soto, the only named plaintiffs in the first complaint, "failed to plead facts that plausibly establish that they shared any private health information with Eyemart that could be shared with Meta."  Order at 9 [28].  In their amended complaint, these plaintiffs added only their subjective intent for visiting the Eyemart website, but again failed to plead any actual actions that would have shared any PHI.

In the amended complaint, Gottshau and Soto did not amend their factual allegations.  Rand adds only that she visited the website with the intent to "purchase prescription eyewear as well as schedule an appointment for an eye exam," and that her visit to the website "result[ed] in the disclosure of the name and location of the Eyemart location Ms. Rand used to obtain examinations and prescription eyewear from Eyemart."

MEMORANDUM OPINION & ORDER – PAGE 5

Pls.' Am. Compl. ¶ 26. The Court has already held that her subjective intent for visiting the website, whether to purchase prescription eyewear or nonprescription sunglasses, does not constitute sharing of PHI. *See* Mem. Order & Op., Oct. 1, 2024, at 8 ("Courts have found that HIPAA does not extend liability for entities to guard against 'visitors' subjective motives for visiting the page.'" (citing *Am. Hosp. Ass'n v. Bercerra*, 2024 WL 3075865 at *12 (N.D. Tex. 2024))). The alleged disclosure of the location of the Eyemart store most convenient for Rand to visit and ultimately make her purchases does not constitute any shared PHI. The amended complaint alleges that all plaintiffs affirmatively shared their locations with Meta through their Facebook accounts, Pls.' Am. Compl. ¶¶ 26–30, so identifying the storefront near her where she could visit the same retailer in person that she was visiting online gives no new information to Meta. Nor does her identification of a storefront near her share any information with Meta beyond an implication that she planned to visit a retailer that sells both prescription and non-prescription eyeglasses.

The Court previously found that Rand, Gottshau, and Soto "failed to plead facts that plausibly establish that they shared any private health information with Eyemart that could be shared with Meta." Order at 9. Because these plaintiffs have failed to add any material factual allegations that would lead to a different outcome, the Court finds that they have failed to plead facts to support their claims.

### B. Plaintiffs Lash and Mees

In the amended complaint, plaintiffs added two named plaintiffs, Lash and Mees. Lash and Mees both allege that they purchased prescription eyewear from the Eyemart website and as part of the ordering process, they "entered [their] prescription information

MEMORANDUM OPINION & ORDER – PAGE 6

into the Website." Pls.' Am. Compl. ¶¶ 29, 30. Because they entered prescription information on the Eyemart website, the Court finds that these plaintiffs have plausibly established that they shared PHI with Eyemart. Thus, the Court next looks to whether these plaintiffs have sufficiently alleged that their PHI was unlawfully shared with Meta.

Plaintiffs' amended complaint discusses how the Pixel does not track every interaction on the site but is limited to those which the website owner or operator designates. *Id.* ¶ 93. Plaintiffs allege that the custom designed Pixel events include "when users add items to a digital cart," "when users seek to find the location for an eye exam or a location to purchase their glasses," and "may include the category or name of a product being searched." *Id.* ¶¶ 107, 113. Because Lash and Mee's allegations are limited to the prescription information provided when ordering prescription eyeglasses, plaintiffs' arguments about PHI tracking on other parts of the site are irrelevant to the Court's analysis here.

As plaintiffs' amended complaint describes, Eyemart's online store blurs the lines between ordinary retail and healthcare retail with both prescription and non-prescription glasses on the same portion of the website. Pls.' Am. Compl. ¶ 81–82 ("While a brick-and-mortar store may more effectively separate its optometry and normal business in a physical space, the lines are blurred for online stores. Notably, products one would expect to find in the optometry section of a store are found by navigating the normal portions of the website.") Based on the descriptions of the Eyemart website in the amended complaint, it does not appear that the information of whether a customer was searching for prescription glasses, sunglasses, or fashion glasses, would be apparent until after an item is added to

MEMORANDUM OPINION & ORDER – PAGE 7

cart and more options are selected.  *See id.* fig. 8 (showing that for a given style of frames, the website offers clear lens options or options for gray, brown, black, green, blue, yellow, lavender, or pink lenses).  Because Eyemarts' frames appear to be versatile and available for prescription lenses, sunglass lenses, or fashion lenses, information about the frames or the styles customers browse does not convincingly share any PHI.  Only after the frames have been selected do users input their prescription information on the ordering screen.  *See id.* ¶¶ 67–72 and figs. 3, 4, 5 & 6.

Plaintiffs allege that adding an item to a virtual cart triggers an "AddToCart event [which] discloses when a Tracked User adds frames and prescription lenses to their cart for purchase as depicted in *Figures 12 and 13*."  *Id.* ¶ 114.  However, plaintiffs do not sufficiently allege that any PHI is disclosed when the AddToCart event is triggered or that the AddToCart event is triggered differently if prescription or non-prescription lenses are added to the frames.

Figures 12 and 13 identify the specific information that is sent to Meta in the AddToCart event: the name of the item, the product ID, the item price, the make and model, the material, and the third-party fulfillment entity.  *See id.* ¶ 122 and figs. 12 & 13; see also *id.* ¶ 128 (describing it as a "specific description of the frames and lenses").  Figure 13's caption says it depicts when an "AddToCart event discloses when Tracked Users add prescription lenses to digital cart"; however, the figure shows that the data includes only (1) the content ID, which plaintiffs do not explain or establish any connection to how it would disclose prescription information; (2) "Plastic," which appears to be a description of the frame material; (3) "2LensAdvizor," which appears to be a third party fulfillment

MEMORANDUM OPINION & ORDER – PAGE 8

entity; and (4) the price of the item. *Id.* fig. 13. Because nothing in Figure 13 depicts disclosure to Meta of prescription information or that the lenses are prescription lenses, the Court finds that this does not sufficiently allege that any PHI was shared with Meta.

At most, plaintiffs have made the conclusory allegation that "add[ing] products to their digital shopping cart" triggered a Pixel event and therefore "resulted in PHI being intercepted." *Id.* ¶ 25. However, nowhere in this factual pleading do plaintiffs allege that prescription information is included in the information tracked. Moreover, the figures showing the metadata and identifying specifically what information is sent to Meta belie any conclusory statements that the prescription information is included, because it is notably absent from the data seen to be tracked there.

Plaintiffs argue that they need not "plead the necessary facts to show that the Pixel on the Website *actually* sent anything to Meta as to these particular plaintiffs" and that it is sufficient they "provide their actions on defendant's website and allege that such actions would have resulted in the transmission of their information to Meta." Pls.' Resp. at 8–9. However, unlike in the case they cite for that proposition, plaintiffs here fail to plead that their actions would have resulted in the transmission of their PHI to Meta because they fail to plead that the prescription information is captured by the Pixel. *See R.C. v. Walgreen Co.*, 733 F. Supp. 3d 876, 891 (C.D. Cal. 2024) (describing how in that case, the Pixel captured the items added to users' shopping carts where the items themselves disclosed medical information).

Therefore, the Court finds that Lash and Mees have not sufficiently alleged that any PHI was disclosed to Meta through the Pixel.

MEMORANDUM OPINION & ORDER – PAGE 9

### C.  Because Plaintiffs Have Not Plausibly Alleged that Any PHI was Shared with Meta, Each of the Claims Fails

***1.  Federal Electronic Communications Privacy Act.*** — The Federal Electronic Privacy Act ("ECPA") is a one-party consent statute.  18 U.S.C.A. § 2511(f) ("It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such a person is a party to the communication or where one of the parties to the communication has given prior consent.").  In other words, Eyemart cannot eavesdrop on communications directed at it "unless such communication is intercepted for the purpose of committing any criminal or tortious act."  Id.  Plaintiffs argue that the crime-tort exception applies here, because to the extent that any communication contained PHI, the interception was a violation of HIPAA.

As established above, plaintiffs have failed to plead facts to plausibly establish that any PHI was shared with Meta.  Therefore, because no facts support a violation of HIPAA, the crime-tort exception does not apply here.  Because the ECPA is a one-party consent statute and Eyemart consented to the tracking on its site, plaintiffs have failed to state a claim under the ECPA.

***2.  Missouri Wiretap Act.*** — The Missouri wiretap statute is modeled off the ECPA and is similarly a one-party consent statute with a crime-tort exception.  MO. REV. STAT. § 542.402.2(3); *State v. King*, 873 S.W.2d 905, 908 (Mo. Ct. App. 1994).  Rand, the only Missouri plaintiff, has failed to state a claim under this statute for the same reasons plaintiffs have failed to state a claim under the ECPA.

***3. Illinois Eavesdropping Act.*** — Soto, the only named Illinois plaintiff, has brought a claims under the Illinois Eavesdropping Act ("IEA") individually and on behalf of all others similarly situated. Pls.' Am. Compl. ¶ 28. The IEA requires that the interception be "in a surreptitious manner" and without "the consent of all other parties to the private conversation." 720 ILL. COMP. STAT. 5/14-2. Soto alleges that he "reasonably expected" his PHI "to be private under HIPAA" and therefore his actions on the site related to his PHI were "private conversations" under the statute. Pls.' Am. Compl. ¶ 264. The Court has already found that Soto did not plausibly plead facts to show he shared any PHI with Eyemart. Therefore, he has failed to establish that he had any private conversation that could have been intercepted.

***4. Breach of Contract, Breach of Implied Contract, and Intrusion upon Seclusion.*** — Plaintiffs' breach of contract claims and intrusion upon seclusion claims are premised upon the disclosure of plaintiffs' PHI. They claim any disclosure of PHI is contrary to Eyemart's Terms of Use and the implied contract not to disclose PHI without consent. Plaintiffs also claim that the sharing of PHI would be highly offensive to a reasonable person. Because plaintiffs have failed to plausibly plead facts to show that any PHI was shared with Meta, there is insufficient factual basis to state a claim for breach of contract, breach of implied contract, or intrusion upon seclusion.

### CONCLUSION

Because the Court finds plaintiffs have not alleged facts sufficient to state a claim for violation of the ECPA, the Missouri or Illinois wiretapping statutes, breach of contract,

MEMORANDUM OPINION & ORDER – PAGE 11

breach of implied contract, or intrusion upon seclusion, the Court grants Eyemart's motion.

Plaintiffs have already had an opportunity to replead, therefore the Court dismisses all

claims with prejudice.

Signed May 27, 2025.

David C. Godbey

Chief United States District Judge

MEMORANDUM OPINION & ORDER – PAGE 12

# Tab 3

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RACHELLE RAND, *et al.*, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-621-N |
| | § | |
| EYEMART EXPRESS, LLC, | § | |
| | § | |
| Defendant. | § | |

## **FINAL JUDGMENT**

By separate Memorandum Opinion and Order of this same date, the Court granted
Eyemart Express, LLC's Motion to Dismiss Plaintiffs' First Amended Complaint [32]. It
is, therefore, ordered that Plaintiffs take nothing by their claims against Defendant, and
those claims are dismissed with prejudice. Court costs are taxed against Plaintiffs. All
relief not expressly granted is denied. This is a final judgment.

Signed May 27, 2025.

_____
David C. Godbey
Chief United States District Judge

FINAL JUDGMENT – SOLO PAGE

# Tab 4

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

RACHELLE RAND, ESPERANZA
GOTTSCHAU, RAMON SOTO,
GEORGIANNA LASH, and AARON
MEES on Behalf of Themselves and All
Others Similarly Situated,

        Plaintiffs,

v.

EYEMART EXPRESS, LLC,

        Defendant.

Case No.: **3:24-cv-00621-N**

**PLAINTIFFS' NOTICE OF APPEAL**

      Plaintiffs Rachelle Rand, Esperanza Gottschau, Ramon Soto, Georgianna Lash, and Aaron Mees (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, hereby give notice of their appeal to the United States Court of Appeals for the Fifth Circuit from the Order granting Defendant's Motion to Dismiss Plaintiffs' First Amended Class Action Complaint dismissing Plaintiffs' claims under the Federal Electronic Communications Privacy Act, the Missouri Wiretap Act, and the Illinois Eavesdropping Statute, and for breach of contract, breach of implied contract, and for intrusion upon seclusion, without leave to amend, dated May 27, 2025 [Dkt. 38].

Dated: June 26, 2025

**FOSTER YARBOROUGH PLLC**

By: */s/ Patrick Yarborough*
Patrick Yarborough
Jeffrey Lucas Ott
917 Franklin Street, Suite 220
Houston, TX 77002
Telephone: (713) 331-5254
Facsimile: (713) 513-5202
Email: patrick@fosteryarborough.com
Email: luke@fosteryarborough.com

**LEVI & KORSINSKY, LLP**

Mark S. Reich*
Courtney Maccarone*
Gary S. Ishimoto (*pro hac vice*)*
33 Whitehall Street, 17th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: mreich@zlk.com
Email: cmaccarone@zlk.com
Email: gishimoto@zlk.com

*Counsel for Plaintiffs*

**pro hac vice* forthcoming

Tab 5

**CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2025, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

*/s/ Patrick Yarborough*
Patrick Yarborough